## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

EDWIN GURULE as Personal Representative
of the ESTATE OF JERLYN YAZZIE, MARGIE
C. PIASO as Next Friend of N. CANALES-YAZZIE
and J. CANALES-YAZZIE, Minor Children,

       Plaintiffs,

v.                                     Case No. 1:22-cv-00872-JCH-SCY

NISSAN MOTOR CO., LTD; NISSAN
NORTH AMERICA, INC., and
ANNAMARIE PIASO,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiffs Edwin Gurule, as personal representative of The Estate of Jerlyn Yazzie, and Margie C. Piaso, as next friend of N. Canales-Yazzie and J. Canales-Yazzie, minor children, (collectively, "Plaintiffs") filed a *Motion to Remand* (ECF No. 14) based on lack of diversity jurisdiction. The Court, having reviewed the motion, briefs, arguments, and applicable law, concludes that Defendant Annamarie Piaso was fraudulently joined, that this Court has diversity jurisdiction, and thus, that the motion to remand should be denied.

### I.    BACKGROUND

This case arises out of a single vehicle accident that occurred on September 27, 2021, when Jerlyn Yazzie was driving her minor children to school on Interstate 40 in an Infiniti QX4. (First Am. Compl. ¶¶ 8-9, ECF No. 1-1 at 16 of 32.) Ms. Yazzie lost control of the vehicle and it rolled several times. (*Id.* ¶ 10.) Tragically, the roof caved into the occupant compartment, causing Ms. Yazzie's death. (*Id.* ¶ 11.) The seatbelt restraints also failed to protect her children and they suffered enhanced and severe injuries as a result of the defective seatbelts. (*Id.* ¶ 13.)

Plaintiffs filed suit in state court on September 7, 2022, against Defendants Nissan Motor Co., Ltd., and Nissan North America, Inc., (collectively, the "Nissan Defendants") as well as against Annamarie Piaso. (Notice of Removal 1, ECF No. 1.) Plaintiffs subsequently filed a first amended complaint, asserting claims of strict liability, negligence, and punitive damages against the Nissan Defendants. (First Am. Compl. 3-6, ECF No. 1-1.) In their fourth claim for relief, Plaintiffs assert a negligence claim against Defendant Piaso. (*Id.* at 6.) According to Plaintiffs, Ms. Piaso is liable for providing the vehicle to Ms. Yazzie equipped with a defective roof, for failing to properly inspect the vehicle and roof, and for failing to warn Ms. Yazzie of the dangers of the defective roof. (*Id.*) Ms. Piaso was served with the complaint on October 3, 2022. (*See* Register of Actions, ECF No. 1-1 at 1 of 32.) She has yet to make an appearance in the case. It is undisputed that Ms. Piaso owned the Nissan, Jerlyn Yazzie was her sister, and that they lived together at the time of the crash. (*Compare* Defs.' Ex. A at ECF No. 19-1 at 3 of 5, *with* Pls.' Reply 2, ECF No. 21.)[1]

Plaintiffs served Nissan North America, Inc., with the first amended complaint on October 17, 2022. (Notice of Removal 1, ECF No. 1.) On November 16, 2022, the Nissan Defendants removed the case to this Court based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. (*Id.* at 2-3.) The Nissan Defendants assert that Plaintiffs are all citizens of New Mexico; Defendant Nissan Motor Co., Ltd., is from Japan and not a citizen of New Mexico; and Defendant Nissan North America, Inc., is a citizen of California and Tennessee. (*See id.*) The Nissan Defendants contend that Ms. Piaso, although a resident of New Mexico, was fraudulently joined for the purpose of destroying diversity. (*Id.* at 3-4.) They argue not only that Plaintiffs cannot state a claim

---

[1] The Nissan Defendants also assert, based on the Crash Report, that Ms. Piaso was a guardian and had shared custody of Ms. Yazzie's minor children. (Defs.' Resp.5-6, ECF No. 19.) Plaintiffs dispute that Ms. Piaso was or is the children's legal guardian. (Pls.' Reply 2, ECF No. 21.) Based on the limited record, the Court cannot find that Ms. Piaso was or is the minor plaintiff's legal guardian, so the Court will not rely on this allegation.

against Ms. Piaso under tort law, but also that Plaintiffs do not really intend to pursue their claims against Ms. Piaso, as evidenced by the fact that she is a close family member, she has not filed a responsive pleading, and Plaintiffs have not sought a default judgment against her. The Nissan Defendants argue that the Court should disregard her citizenship and conclude there is complete diversity between the non-fraudulently joined parties. (*See id.*)

Plaintiffs filed a *Motion to Remand*, arguing that Nissan cannot establish fraudulent joinder because they have legitimate claims against Ms. Piaso. (Pls.' Mot. to Remand 1-2, ECF No. 14.) Plaintiffs do not dispute that the amount in controversy exceeds the jurisdictional minimum or the citizenships of each of the parties. Instead, the question for the Court is whether it is completely certain Plaintiffs cannot establish a claim against the non-diverse defendant, Ms. Piaso.

## II.    STANDARD

Federal courts are courts of limited jurisdiction and there is a presumption against removal. *See Dutcher v. Matheson*, 733 F.3d 980, 984-85 (10th Cir. 2013). Removal statutes must be strictly construed with ambiguities resolved in favor of remand. *Fajen v. Foundation Reserve Ins. Co.*, Inc., 683 F.2d 331, 333 (10th Cir. 1982). When jurisdiction is based on diversity, a party must show that there is complete diversity of citizenship between adverse parties and the amount in controversy exceeds $75,000.00. *Dutcher*, 733 F.3d at 987. "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Id.* A court may disregard the citizenship of a party who was fraudulently joined to defeat federal jurisdiction. *See id.* at 987-88.

To prove fraudulent joinder, the removing party must demonstrate either (1) actual fraud in the plaintiff's pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party. *Id.* at 988. The removing party bears a heavy burden

3

of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the non-removing party. *Id.* The removing party must demonstrate that the claim cannot stand with complete certainty, upon undisputed evidence, such that it is subject to summary determination. *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). This standard is more exacting than for a Rule 12(b)(6) dismissal. *Montano v. Allstate Indemnity*, 211 F.3d 1278, 2000 WL 525592, at *2 (10th Cir. Apr. 14, 2000). A court, however, may pierce the pleadings and consider the entire record. *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).

### III.   ANALYSIS

#### A.  Removal may be made without consent of the fraudulently joined party

Plaintiffs assert that the Nissan Defendants removed the case without obtaining Ms. Piaso's consent to remove. Only the consent of the defendants who have been properly joined and served is required for proper removal. 28 U.S.C. § 1446(b)(2)(A). Consequently, if Ms. Piaso was fraudulently joined, her consent was not required to effect removal. *See Balazik v. County of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995) (explaining that unanimity rule may be disregarded where a defendant has been fraudulently joined).

#### B.  Ms. Piaso was fraudulently joined

The Nissan Defendants first argue that Plaintiffs do not really intend to seek damages against Ms. Piaso. In support, they assert that she is the minor plaintiffs' aunt, she has failed to answer the complaint, and yet Plaintiffs have not moved for default judgment. Plaintiffs point out that they have a reason for not moving for default in this Court – they believe the Court lacks jurisdiction to hear the case. While that explanation has merit, the close family relationship between Plaintiffs and Ms. Piaso suggests Plaintiffs' motive to file suit against Ms. Piaso is only to destroy diversity jurisdiction. Nevertheless, the motive of a plaintiff in joining a defendant is

immaterial so long as there is in good faith a cause of action against that defendant. *See Mecom v.*
*Fitzsimmons Drilling Co.*, 284 U.S. 183, 189 ("in a removal proceeding the motive of a plaintiff
in joining defendants is immaterial, provided there is in good faith a cause of action against those
joined"). Consequently, the Court must look to whether Plaintiffs are able to establish a cause of
action against Ms. Piaso, regardless of their familial relationship with her.

The Nissan Defendants contend that Plaintiffs cannot demonstrate that Ms. Piaso was a
"supplier" of the vehicle or that she knew or should have known of the alleged defective roof.
Plaintiffs respond that the Nissan Defendants have not proved with complete certainty that
Plaintiffs cannot recover against Ms. Piaso, who, as the owner and supplier of the vehicle, had a
duty to warn of its dangers of which she knew or about which she should have known. According
to Plaintiffs, the mere possibility that they will fail to prove the knowledge element does not meet
the heavy burden for fraudulent joinder.

Plaintiffs' claim against Ms. Piaso is for negligence, not strict liability. Under New Mexico
negligence law, a supplier of a product has a duty to use ordinary care to warn of a risk of injury.
N.M. U.J.I. 13-1415. A supplier has no duty to warn if the supplier does not know of the danger,
unless the supplier should have known of the risk by the use of ordinary care. *See* N.M. U.J.I. 13-
1415. A supplier owes this duty to use ordinary care to avoid a foreseeable risk of injury caused
by a condition of the product to anyone who can reasonably be expected to use the product. N.M.
U.J.I. 13-1402. All persons supplying a product owe this duty of ordinary care. N.M. U.J.I. 13-
1402, Committee commentary. Unlike for strict products liability cases, "the duty of ordinary care
does not depend upon the supplier's regular engagement in the business of supplying chattels and
applies even to the gratuitous, isolated bailment." *Id.*

Plaintiffs are therefore correct that the fact that Ms. Piaso is not in the business of selling or providing vehicles does not doom their claim against her as a matter of law where she purportedly lent the use of the vehicle to the plaintiff. *See Eichel v. Goode, Inc.*, 1984-NMCA-035, ¶ 11, 101 N.M. 246 (relying on Section 388 of the Restatement (Second) of Torts in explaining that supplier includes donors or lenders of chattel for another's use, irrespective of whether the chattel is made by them or a third party). The Nissan Defendants nonetheless argue that the communal use of the vehicle is not what New Mexico law intended for a "supplier." However, the Nissan Defendants have not submitted evidence, beyond that Ms. Piaso was living with Ms. Yazzie, that Ms. Yazzie had communal use of the vehicle. Nor have they cited authority that communal use of the vehicle as a matter of law precludes Ms. Piaso being a supplier under New Mexico law. The Nissan Defendants thus have not met their burden to establish as a matter of law that Ms. Piaso is not a supplier of chattel where she allegedly lent the use of her vehicle to her sister.

That does not end the inquiry because Plaintiffs must also prove Ms. Piaso's knowledge of the dangerousness of the defect or that she had a reason to know of the dangerousness of the defect. *See id.* (quoting Rest. (Second) of Torts § 388(a) for proposition that supplier of chattel may only be subject to liability for physical harm caused by its use when supplier "knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied"). Plaintiffs allege that the vehicle had a defective roof, Ms. Piaso failed to properly inspect the roof, and she failed to warn the decedent of its dangers. (*See* First Am. Compl. ¶¶ 37-41, ECF No. 1-1.) The first amended complaint contains no allegations that Ms. Piaso knew or had a reason to know that the

vehicle had a defective roof. (*See id.*)[2] Plaintiffs thus failed to state a claim for negligence against Ms. Piaso because of the lack of non-conclusory factual allegations to indicate that Ms. Piaso knew or had reason to know the vehicle had a defective roof that was dangerous.

The fraudulent joinder standard, however, is more robust than that for failure to state a claim. The Nissan Defendants must show that there is not even a possibility of Plaintiffs stating a valid cause of action. *Couch v. Astec Industries, Inc.*, 71 F.Supp.2d 1145, 1147 (D.N.M. 1999) (Baldock, J.) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). Here, Plaintiffs admit in their reply that they do not know of the facts necessary to support the claim: "At this stage we don't know what knowledge Defendant Piaso had in actuality, nor do we know what a jury would infer that a reasonable person [would have learned] about a car prior to purchasing it." (Pls.' Reply 6, ECF No. 21.) Although Plaintiffs note that the IIHS found that the structure and safety cage of the Nissan were poor in a frontal offset collision, Plaintiffs do not have any facts to suggest that Ms. Piaso knew this information. Instead, Plaintiffs argue that at this point in discovery, Ms. Piaso has not been deposed and that their claim against her is not impossible at this juncture.

Plaintiffs' admission to a lack of facts regarding Ms. Piaso's knowledge of the defect establishes why they did not allege the knowledge requirement – they have no good faith basis to do so. *See Mecom v. Fitzsimmons Drilling Co.*, 284 U.S. 183, 189 ("in a removal proceeding the motive of a plaintiff in joining defendants is immaterial, provided there is *in good faith* a cause of action against those joined") (emphasis added). Here, there is no disputed question of fact that the Court may construe in Plaintiffs' favor; instead, there is an absence of fact altogether and only a

---

[2] Plaintiffs discuss in their reply that they do not know whether Ms. Piaso had any knowledge of door latch issues, but their stated claim against her is expressly limited to the defective roof. The Court will therefore limit its analysis to the claim based on the defective roof.

hopeful fishing expedition for those facts. In cases granting motions to remand, the courts had some allegation of fact on which to rely for the claim. *Cf. Montano*, 2000 WL 525592, at *2-3 (concluding there was no fraudulent joinder where plaintiff had alleged facts that insurant agent was directed to increase liability and UM limits but failed to do so); *Couch*, 71 F.Supp.2d at 1148 (concluding plaintiffs stated cause of action for negligent assembly and installation where complaint alleged facts that defendants unreasonably, inadequately, and insecurely mounted and fastened conveyor belt to cause injuries). In contrast, here there is no fact in dispute on the knowledge element, and thus, the Nissan Defendants have satisfied their burden to show that the claim cannot stand with complete certainty, and that Ms. Piaso was fraudulently joined to defeat federal diversity jurisdiction. *Cf. Schmidt v. International Playthings LLC*, 503 F.Supp.3d 1060, 1115-23 (D.N.M. 2020) (concluding that plaintiffs did not allege possibly viable claim against store manager on theory of negligence because injury occurred at home and manager did not have duty to inspect for defects where plaintiffs did not allege manager had reason to know or knowledge of specific defect); *Hockett v. Blood Systems, Inc.*, No. 09-CV-0920 WJ/LFG, 2010 WL 11623522, at *5-8 (D.N.M. Mar. 11, 2010) (denying motion to remand where court found fraudulent joinder because plaintiff did not sufficiently allege cause of action for intentional infliction of emotional distress against defendant, nor did facts come close to alleging such a claim).

Further, given the Court's conclusion that Ms. Piaso was fraudulently joined in this action, the Court will dismiss Ms. Piaso from this case without prejudice. *See Smoot*, 378 F.2d at 881-82 (district court may disregard a non-diverse party named in the state court complaint and retain jurisdiction if joinder of the nondiverse party is a sham or fraudulent).

**IT IS THEREFORE ORDERED** that Plaintiffs' *Motion to Remand* (**ECF No. 14**) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Annamarie Piaso is **DISMISSED** without prejudice from this case.

_____
SENIOR UNITED STATES DISTRICT JUDGE

9