IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDWIN GURULE as Personal Representative
of the ESTATE OF JERLYN YAZZIE, MARGIE
C. PIASO as Next Friend of N. CANALES-YAZZIE
and J. CANALES-YAZZIE, Minor Children,

    Plaintiffs,

v.                                                                Case No. 1:22-cv-00872-JCH-SCY

NISSAN MOTOR CO., LTD and NISSAN
NORTH AMERICA, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER AND ORDER OF REFERRAL**

THIS MATTER comes before the Court on the *Joint Motion for Court Approval of Confidential Settlement on Behalf of Minor Children* (ECF No. 61). The parties request therein that "the Court set this matter for hearing and approve the agreed settlement." (Joint Mot. 3, ECF No. 61). Additionally, the parties assert that "the parties do not believe there are any conflicts between the minors and any other persons and request that the Court approve the reasonableness of the settlement without the need for a guardian ad litem." (*Id.* at 2.) The Court will deny the parties' joint request to proceed without a guardian ad litem and will reserve ruling on the request to approve the settlement.

"Rule 17(c) flows from the general duty of the court to protect the interests of infants and incompetents in cases before the court." *Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989). "When the court determines that the interests of the infant and the infant's legal representative diverge, appointment of a guardian ad litem is appropriate." *Id.* Whether the situation warrants the

appointment of a guardian ad litem is generally left to the discretion of the district court. *A.P. by and through Phinisee v. United States*, 736 F. App'x 309, 312-13 (3d Cir. May 31, 2018) (quoting *Powell v. Symons*, 680 F.3d 301, 303 (3d Cir. 2012)). It is this Court's practice to appoint a guardian ad litem to ensure the interest of minor children are protected before approving a settlement agreement that affects the interests of minor children. In the Court's experience, conflicts may become apparent only after a guardian ad litem has an opportunity to review the case. Appointment of a guardian ad litem will thus protect the interests of the minors.

**IT IS THEREFORE ORDERED** that the Court will **DENY IN PART** the *Joint Motion for Court Approval of Confidential Settlement on Behalf of Minor Children* (**ECF No. 61**) as follows:

1. The parties' joint request to proceed without appointing a guardian ad litem is **DENIED**.

2. No later than **March 29, 2024**, the parties must file a joint motion to appoint guardian ad litem, which must include the name of the guardian ad litem the parties propose to be appointed.

3. The parties' joint motion to approve settlement is hereby **REFERRED** to United States Magistrate Judge Steven C. Yarbrough in accordance with 28 U.S.C.§ 636(b)(1)(B) to conduct a fairness hearing and to perform any legal analysis required to recommend to the Court whether the settlement is in the best interests of the minors and whether it should be approved. Judge Yarbrough should submit proposed findings of fact and recommendations for disposition of the motion to this Court. The parties then will have fourteen days to serve and file written objections to the proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

4. The fairness hearing will be set by future notice.

5. The Court **RESERVES RULING** on the approval of the settlement.

.

                                          _____
                                          SENIOR UNITED STATES DISTRICT JUDGE